UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRO MUSIC RIGHTS, LLC,

    Plaintiff,

v.                                       Case No: 2:20-cv-933-FtM-38NPM

MEIJER, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Meijer's Inc. Notice of Removal. (Doc. 1). Plaintiff Pro Music Rights, LLC brought this action for breach of contract. Meijer removes based on diversity jurisdiction. The Court is not so sure.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a). Here, the diversity requirement is problematic because Meijer does not sufficiently plead Pro Music Rights' citizenship.

A limited liability company ("LLC")—like Pro Music Rights—is a citizen of every state in which one of its members is domiciled. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Each member of the LLC must be diverse from the opposing party. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Meijer alleges Pro Music Rights is a citizen of Florida because it is a Florida LLC with its principal place of business in Florida. But this pleading fails to tell the Court the domicile of Pro Music Rights' individual member(s). Cf. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (stating an individual is a citizen where he is domiciled, not necessarily where he is a resident). Without such allegation, Meijer has not adequately pled diversity of citizenship. Even though Pro Music Rights' corporate disclosure statement indicates Pro Music Rights transformed from a LLC into a corporation, Meijer must update the notice of removal because "[i]t

has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P*, 541 U.S. 567, 570-71 (2004) (quotation marks omitted). Meijer must update its notice of removal to inform the Court whether it had jurisdiction at the time of filing.

Accordingly, it is now **ORDERED**:

Defendant must **SUPPLEMENT** the Notice of Removal **on or before January 11, 2021**, to show cause why the case should not be remanded for lack of subject-matter jurisdiction. **Failure to comply with this Order will result in the case being remanded without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on January 4, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record