UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRO MUSIC RIGHTS, LLC,

    Plaintiff,

v.                                       Case No.: 2:20-cv-933-FtM-38NPM

MEIJER, INC.,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Meijer, Inc.'s motion to dismiss (Doc. 6) and Plaintiff Pro Music Rights, LLC's response in opposition (Doc. 12). Meijer claims the Court lacks in personam jurisdiction over it and seeks dismissal under Federal Rule of Civil Procedure 12(b)(2). The Court grants the motion.

## BACKGROUND

This is a contract dispute. Pro Music Rights sued Meijer in the Circuit Court for Collier County, alleging claims for an order establishing existence of a valid contract (Count I), breach of contract (Count II), negligent misrepresentation (Count III), unjust enrichment (Count IV), promissory

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

estoppel (Count V), and quantum meruit (Count VI). Meijer removed the case, invoking diversity jurisdiction.

Meijer is a Michigan corporation with its principal place of business in Grand Rapids, Michigan. (Doc. 1-1 at 3-4). It is a supercenter grocery chain with locations throughout the Midwest. Pro Music Rights is a limited liability company incorporated in Florida, with its principal place of business in Naples. (Doc. 1-1 at 3). Its sole member is a resident of Naples. (Doc. 15)

According to the allegations, which are accepted as true for purposes of resolving this motion, Pro Music Rights and Meijer executed a contract in which Meijer acquired a license to use music within Pro Music Rights' library at each of its store locations in exchange for payment. (Doc. 1-1 at 4). Joshua Robinson, a "Team Leader" and an agent of Meijer, executed the contract. (Doc. 1-1 at 4).

To help it defeat jurisdiction, Meijer attaches a sworn declaration from Jamie Larson, the Chief Tax Officer at Meijer. (*See* Doc. 6-1 at 2). She provides pertinent jurisdictional facts about Meijer. Meijer has never been incorporated nor had its principal place of business in the State of Florida. (Doc. 6-1 at 2). Meijer is neither registered nor qualified to do business in Florida, nor does it have any offices or otherwise own any real estate in Florida. (Doc. 6-1 at 3). Meijer markets no products in Florida. (Doc. 6-1 at 3). Meijer limits its

business operations to the Midwest and Meijer has no business operations in Florida. (Doc. 6-1 at 3).

## DISCUSSION

The Court must decide whether it can appropriately exercise personal jurisdiction over Meijer. A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999); *see also Polski Linie Oceaniczne v. Seasafe Transp. A/S,* 795 F.2d 968, 972 (11th Cir. 1986) (describing procedure for the plaintiff to establish personal jurisdiction under Florida's long-arm statute). A defendant may challenge personal jurisdiction through affidavits, testimony, or documents. *Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110, 1112 (11th Cir. 1990). When a defendant raises through affidavits, documents, or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony, or documents. *Id.*

A federal court sitting in diversity undertakes a two-step inquiry in ruling on a motion to dismiss for lack of personal jurisdiction. First, it must determine whether exercising jurisdiction is appropriate under the state long-arm statute. Second, it must determine whether exercising jurisdiction

violates the Due Process Clause of the Fourteenth Amendment. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

Under Florida's long arm-statute, a defendant can be subject to either specific personal jurisdiction (jurisdiction in suits arising out of or relating to the defendant's contacts with Florida) or general personal jurisdiction (jurisdiction over any claims against a defendant, despite a lack of connection to Florida, if the defendant engages in "substantial and not isolated activity" in Florida). Fla. Stat. §§ 48.193(1)(a), (2).

There is only one allegation about jurisdiction. Pro Music Rights claims Florida courts have jurisdiction over Meijer because Pro Music Rights' primary place of business is in Collier County and because the causes of action accrued in Collier County. (Doc. 1-1 at 4, ¶ 5). The Court will analyze whether it can exercise general personal jurisdiction, specific personal jurisdiction, or both.

**A. General jurisdiction**

General jurisdiction under the Florida long-arm statute provides that "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Florida courts construe "substantial and not isolated activity" to mean "continuous and systematic

4

business contact" with the state. *Caiazzo v. Am. Royal Arts Corp.*, 73 So.3d 245, 250 (Dist. Ct. App. Fla. 2011).

The United States Supreme Court clarified the standard for general jurisdiction when it revisited the meaning of "continuous and systematic contact" in *Daimler AG v. Bauman*, 571 U.S. 117, 137-38 (2014). It reiterated that the quintessential contacts that render a defendant "at home" are formal incorporation in that state and locating its principal place of business there. *Id.* at 139. It is "the exceptional case" for a corporation to be "essentially at home" in a place other than its domicile. *Id.* at 139, n.19.

Pro Music Rights has alleged no continuous or substantial activity in Florida, nor has it demonstrated Meijer is "at home" in Florida. Meijer is not incorporated in Florida and does not have its principal place of business in Florida. Meijer is domiciled in Michigan, only has stores in the Midwest, and does not have business operations in Florida. General jurisdiction is lacking.

## B. Specific jurisdiction

In analyzing specific jurisdiction, a court must first determine whether an act set out in section 48.193(1) of the Florida long-arm statute applies. A defendant is subject to specific personal jurisdiction under Florida's long-arm statute if the plaintiff's claim "aris[es] from" a defendant's specific forum-related contacts. *See* Fla. Stat. 48.193(1)(a). If an act brings the defendant within the ambit of the statute, the Court must determine whether exercising

jurisdiction would violate the Due Process clause of the Fourteenth Amendment.

Pro Music Rights' complaint fails to invoke a specific provision of Florida's long-arm statute to establish jurisdiction. It pleads five contract claims and one tort claim (negligent misrepresentation). Construing Pro Music Rights' complaint liberally, the Court looks at whether any provision of the long-arm statute grants the Court jurisdiction.[2]

1. *§ 48.193(1)(a)(1)*

A defendant submits itself to jurisdiction in Florida by operating, conducting, engaging in, or carrying on a business venture in the state. Fla. Stat. § 48.193(1)(a)(1). "To establish a defendant is 'carrying on business' for purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit." *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000) (cleaned up). In determining whether a defendant conducts business in Florida, relevant factors include "the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon*

---

[2] Five sections of the statute— §§ 48.193(1)(a)(3), (4), (5), (8), and (9)—clearly do not apply.

*Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005) (cleaned up).

Meijer does not carry on or conduct business within Florida. It is a Michigan corporation that operates a Midwest grocery store chain and has no stores in Florida. It does not glean any revenue from Florida clients or maintain a license to do business in Florida. Even if Meijer authorized Robinson to contract with Pro Music Rights, the fact a foreign defendant contracts with a Florida resident is not enough to establish personal jurisdiction over the defendant. *Walack v. Worldwide Machinery Sales, Inc.*, 278 F. Supp. 2d 1358, 1366 (M.D. Fla. 2003) (citing *Washington Capital Corp. v. Milandco, Ltd., Inc.*, 695 So.2d 838, 841 (Dist. Ct. App. Fla. 1997)). Pro Music Rights proffers no allegations or evidence that Meijer conducted any business in Florida other than the transaction at issue in this lawsuit.

*2. § 48.193(1)(a)(2)*

Florida's long-arm statute subjects a corporation to jurisdiction in the state if it commits a tortious act within the state. Fla. Stat § 48.193(1)(a)(2). Seeking to avail itself of this provision, Pro Music Rights brings a negligent misrepresentation claim. But this claim arises from the breach of contract claim at the heart of this lawsuit. A negligence claim based solely on a breach of contract claim cannot constitute a cause of action in tort. *Electronic Sec. Systems Corp v. Southern Bell Tel. and Tel. Co.*, 482 So.2d 518, 519 (Dist. Ct.

App. Fla. 1986) (citing *Douglas v. Braman Porsche Audi, Inc.*, 451 So.2d 1038 (Dist. Ct. App. Fla. 1984); *Belford Trucking Co. v. Zagar*, 243 So.2d 646 (Dist. Ct. App. Fla. 1970)). Only when the breach of contract is part of some additional conduct which amounts to an independent tort can such breach constitute negligence. See *Southern Bell Telephone and Telegraph Co. v. Hanft*, 436 So.2d 40 (Fla. 1983).

Pro Music Rights adds no other language to establish a tort claim. Pro Music Rights' allegations in Count III reformulate the breach of contract claim as a negligent misrepresentation claim, but the allegations do not establish an independent tort. For example, in paragraph 27, Pro Music Rights alleges "[Meijer] misrepresented, through the acts of [its] agent, that in exchange for said license, [Meijer] would pay a fair value of the benefits [it] received." Such a claim stems from the same breach of contract at the heart of the case; there is no allegation Meijer tortuously injured Pro Music Rights. Pro Music Rights tries to frame its breach of contract claim as a tort to establish jurisdiction, but it does not state a cause of action in tort separate and apart from the alleged breach of contract.

   3. *§ 48.193(1)(a)(6)*

Under § 48.193(1)(a)(6), a non-resident defendant can be haled into Florida court if the defendant injured persons or property in Florida. But the Florida Supreme Court has decided a purely economic injury of the sort alleged

8

here cannot confer jurisdiction over Meijer under this provision. *See Aetna Life & Casualty Co. v. Thern—O—Disc, Inc.*, 511 So.2d 992, 994 (Fla. 1987) ("We hold that the provisions of [Section 48.193(1)(a)(6) contemplate personal injury or physical property damage"). Without personal injury or property damage, this section does not permit jurisdiction for acts arising outside Florida that cause only financial injury. *See, e.g., Astro Aluminum Treating Co., Inc. v. Inter Contal, Inc.*, 296 So.3d 462, 468 (Dist. Ct. App. Fla. 2020) (holding a monetary injury alone is insufficient for jurisdiction under section 48.193(1)(a)(6)); *Response Reward Systems v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1337 (M.D. Fla. 2002) (ruling section 48.193(1)(a)(6) did not apply because the plaintiff alleged only patent infringement, not personal injury or property damage). Because Pro Music Rights alleges no personal injury or physical property damage, this section does not confer jurisdiction over Meijer.

*4. § 48.193(1)(a)(7)*

Under section 48.193(1)(a)(7), a corporation is subject to the jurisdiction of Florida courts if it "[breaches] a contract in this state by failing to perform acts required by the contract to be performed in this state." Although Pro Music Rights fails to plead the contract needed to be paid in Florida, given Pro Music Rights is domiciled in Florida, it can reasonably be inferred it would be. Failure to make payments owed under a contract "where payment is due to be made in Florida is sufficient to satisfy" Section 1(a)(7) of Florida's long-arm

statute. *RG Golf Warehouse, Inc. v. Golf Warehouse, Inc.*, 362 F. Supp. 3d 1226, 1238 (M.D. Fla 2019) (cleaned up). When a "contract is silent as to place of payment, it is presumed to be the place of residence of the payee." *Id.* (citations omitted). A requirement to pay in Florida brings the complaint within the ambit of the statute.

To complete the two-prong analysis, the Court must determine whether Meijer has additional contacts with Florida to satisfy the Fourteenth Amendment's due process requirements. To satisfy the second jurisdictional prong, a defendant's contacts:

> (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Moro Aircraft Leasing, Inc. v. International Aviation Marketing, Inc.*, 206 So. 3d 814, 817 (Dist. Ct. App. Fla 2016). In *Burger King Corp. v. Rudzewicz*, the United States Supreme Court analyzed whether Florida courts had jurisdiction over a Michigan resident. 471 U.S. 462 (1985). There, the Supreme Court found a Michigan defendant established sufficient minimum contacts to support exercise of jurisdiction by a Florida court where, even though never physically entering the state, defendant reached out to a Florida resident and entered into a long-term franchise contract requiring continuing oversight by, and payment to, a Florida resident. The Supreme Court also

10

highlighted a choice-of-law provision requiring the contract to be interpreted under Florida law. *Id*. at 481-82.

Meijer does not have enough contacts with Florida to satisfy due process concerns. The only connection Meijer has to Florida is that one of its team members contracted with a Florida resident. But the transaction occurred over the internet: Robinson was in Michigan and never traveled to Florida to complete the transaction. Nor does the complaint allege Robinson was aware he was contracting with a Florida LLC. In addition, there is not a choice of law provision requiring the contract be interpreted in accordance with Florida law. Meijer exclusively operates in the Midwest: it does not market products, operate stores, or engage in business operations in Florida. The complaint only alleges that an employee of Meijer contracted over the internet with an entity that turned out to be a Florida citizen. That is Meijer's sole contact with Florida. The evidence put forth by Meijer establishes it has no connection with Florida, and Pro Music Rights puts forth no evidence proving jurisdiction. The Court determines Meijer cannot reasonably anticipate being haled into a Florida court, and that it would offend notions of fair play and substantial justice to require Meijer to defend itself in a Florida court. Thus, § 48.193(1)(a)(7) does not confer jurisdiction.

**C. Venue**

Finally, Pro Music Rights spends time in its response discussing venue. The discussion is misplaced. Pro Music Rights conflates venue and forum with personal jurisdiction. Considerations of venue and forum concern what district/division in which it is appropriate for a party to sue. Meijer does not seek dismissal based on improper venue. The sole issue is whether a Florida court can require Meijer to litigate this action in Florida. Any argument about venue is irrelevant.

Accordingly, it is now

**ORDERED:**

1. Defendant Meijer, Inc.'s First Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is **GRANTED**. The above-captioned case is dismissed without prejudice.

2. The Clerk is **DIRECTED** to enter judgment, terminate any deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on January 11, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record